IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ALLTEL COMMUNICATIONS, INC.                                    PLAINTIFF

v.                         Case No. 4-06-CV-00909GH

FRINDAR MEGASOFT INTERNATIONAL, INC.                           DEFENDANT

## CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

WHEREAS, Alltel Communications, Inc., and Frindar Megasoft International, Inc. (the "Parties"), are engaged in discovery in the above-captioned action (the "Action"); and

WHEREAS, the Parties are or may in the future be producing "Confidential Documents," as defined herein in paragraph 1 ("Confidential Documents"), or written discovery responses or deposition testimony containing "Confidential Information," as defined herein in paragraph 2 ("Confidential Information"), as a result of the proceedings in this Action; and

WHEREAS, the Parties desire to maintain the confidentiality of the Confidential Documents and Confidential Information that may be produced in this Action; and

WHEREAS, there may be a significant cost in determining in advance of production which documents are Confidential Documents; and

WHEREAS, the Parties desire to adopt an efficient and practical procedure for handling confidentiality issues without incurring significant but potentially unnecessary expenses to conduct confidentiality reviews; and

WHEREAS, for the foregoing reasons the Parties desire to enter into this Confidentiality Agreement and Protective Order ("Confidentiality Order");

NOW, THEREFORE, the Parties agree as follows:

For purposes of this Confidentiality Order, "Confidential Documents" shall include any documents that a Party or its counsel designate as confidential based upon a good faith belief that the designation is appropriate because the documents contain proprietary or confidential business or financial information, trade secrets, or non-public information of a commercially sensitive, personal, or private nature. Confidential Documents may include information of whatever kind, including but not limited to written information or information otherwise recorded on any medium including, without limitation, paper, photographs, recordings, and electronic, optical, or magnetic disks or files.

For purposes of this Confidentiality Order, "Confidential Information" shall include any information provided in initial disclosures or supplemental initial disclosures, in response to a written discovery request, or in response to a deposition question that a Party or its counsel designate as confidential based upon a good faith belief that the designation is appropriate because of the proprietary or confidential business or financial nature of the information, trade secrets contained in the information, or the non-public, sensitive, personal, or private nature of the information.

At the time a Party produces documents to another Party, the Party producing the documents ("Producing Party") may designate any such documents as Confidential Documents by stamping on each page of such documents the word "Confidential."

At the time a Party makes initial disclosures or responds to a written discovery request, the Party producing information may designate such information as

Confidential Information, as defined herein in paragraph 2, by stating in writing in response to the written discovery request that the information is Confidential Information subject to the protections set forth in this Confidentiality Order and by indicating on the first page of the initial disclosures or written discovery responses that the document has been designated under seal by the Party producing the Confidential Information.

During any deposition, a deponent or counsel for a deponent or a Party or counsel for a Party may designate that the testimony being provided in response to a deposition question contains Confidential Information, as defined herein in paragraph 2, by stating on the record that the information is Confidential Information subject to the protections set forth in this Confidentiality Order.  In addition, a deponent or counsel for a deponent or a Party or counsel for a Party may designate additional Confidential Information, as defined herein in paragraph 2, by indicating to all Parties, in writing, fifteen (15) days following receipt of a deposition transcript the specific line numbers and page numbers of the transcript that contain Confidential Information subject to the protections set forth in this Confidentiality Order.

If any Party receiving Confidential Documents or Confidential Information  (the "Receiving Party") believes that such documents or information is not entitled to the protections set forth in this Confidentiality Order, the Receiving Party shall within three (3) weeks of receiving such documents or information indicate to the Producing Party, in writing, the specific documents or information that the Receiving Party believes falls outside of the protections set forth in this Confidentiality Order ("Identified Documents or Information") and state in writing the rationale for the removal of such Identified Documents or Information from the protections set forth in

this Confidentiality Order.

7. If the Producing Party objects, in writing, to the Receiving Party's written notice that the Identified Documents or Information falls outside of the protections set forth in this Confidentiality Order, such objection shall be made within three (3) weeks of receiving such written notice, or the claim of confidentiality shall be waived.  If the Receiving Party desires to challenge the Producing Party's claim of confidentiality, the Receiving Party shall move the Court for an order on the issue. Neither the service of the written notice described in paragraph 6 nor the service of the written notice or filing of a motion described in paragraph 7 shall remove the Identified Documents or Information from the protections set forth in this Confidentiality Order.  Until the Parties resolve the dispute among themselves, the Producing Party waives the claim of confidentiality, or the Court resolves the dispute regarding whether the Identified Documents or Information are Confidential Documents or Confidential Information entitled to the protections set forth in this Confidentiality Order, the Identified Documents or Information shall retain the protections set forth in this Confidentiality Order.

The Parties agree that Confidential Documents and Confidential Information shall not be disclosed, directly or indirectly, to anyone other than the Parties, attorneys for the Parties, witnesses, consultants, and expert witnesses specially retained or specially employed for purposes of the Action.  To the extent any Confidential Documents or Confidential Information is provided to any Party's witnesses or expert witnesses, each witness or expert witness shall: (a) agree in writing, in the form attached to this Confidentiality Order as Exhibit A, prior to receiving any Confidential Documents

or Confidential Information, that he shall be bound by the terms of this Confidentiality Order and (b) shall return all Confidential Documents and Confidential Information to the Producing Party upon conclusion of the Action. Nothing in this Confidentiality Order prevents any Party from disclosing Confidential Documents and Confidential Information to the Court or jury empanelled at the trial of this case, subject to such protections as the Court may order with respect to the treatment of Confidential Documents and Confidential Information at trial.

The inadvertent, unintentional, or *in camera* disclosure of Confidential Documents and Confidential Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any Party's claims of confidentiality. If Confidential Documents or Confidential Information is inadvertently produced without the appropriate designation of confidentiality, the Receiving Party shall, upon notice of the confidential status of the documents or information, treat the documents or information as if it had been appropriately designated confidential at the moment it was produced.

The Parties and all persons subject to the provisions of this Confidentiality Order agree to use Confidential Documents and Confidential Information solely and exclusively for purposes of preparing for, conducting, and participating in the Action and not for any other litigation and not for any other business purpose, personal purpose, or other purpose whatsoever.

The Parties' agreement to produce Confidential Documents and Confidential Information pursuant to this Confidentiality Order shall not be deemed an agreement that such documents (1) constitute or contain confidential information or trade secrets or other confidential research, development, financial, commercial, or personal

information or (2) are relevant to any matter at issue in the Action.  Each Party reserves the right to object to or to seek an appropriate order limiting any use which any other Party may seek to make of such Confidential Documents or Confidential Information either in discovery or at the trial of the Action.

The Parties agree that no copies of Confidential Documents or Confidential Information produced by any Party will be made except as necessary for the purposes of this Action.  If it becomes necessary to include information obtained from Confidential Documents or Confidential Information or to use such Confidential Documents or Confidential Information in any court filing, then any such filing shall be made under seal, if not prohibited by law.

Upon the conclusion of the Action, all Confidential Documents and Confidential Information, and all copies, extracts, summaries, facsimiles thereof, and all electronically, optically, or magnetically stored information of any kind including, without limitation, diskettes, compact disks, computer files, and similar storage media ("Electronically Stored Documents") shall be destroyed or deleted, uninstalled, or otherwise removed from each computer, diskette, compact disk, computer file, and any other storage media.  Additionally, a sworn certificate attesting to the destruction and electronic file deletion and indicating that no electronic information has been retained shall be executed by each party and by counsel for each party and delivered to all parties within 120 days after the conclusion of the case, including any appeal.

The Parties agree that nothing herein is intended to alter or diminish the protections of the attorney-client privilege or the work-product doctrine.

Because a violation of this Confidentiality Order by a Receiving Party

could cause irreparable injury to the Producing Party, and there is no adequate remedy at law for such violation, the Parties shall have the right, in addition to any other remedies available to them at law or in equity, to seek to enjoin a Receiving Party in this Court from any violation of this Confidentiality Order.

This Confidentiality Order shall inure to the benefit of, and be binding upon, the Parties and their respective successors, heirs, agents, personal representatives, and assigns.

Any individual or entity who becomes a party to this Action and who has not subscribed to this Confidentiality Order as of the time it is presented to the Court for approval and entry may thereafter become a party to this Confidentiality Order by having its counsel sign and date a copy thereof and filing same with the Court and serving such signed copy upon the other Parties to this Confidentiality Order.

Any documents produced by a non-party witness in discovery in this Action pursuant to subpoena or otherwise may be designated by such non-party or by any Party or counsel for any Party as "Confidential" under the terms of this Confidentiality Order, and such designation shall have the same force and effect, and create the same duties, obligations, and remedies, as if made by one of the undersigned Parties hereto.

Any time limit contemplated by this Confidentiality Order may be extended by an agreement in writing, signed by counsel of record for each Party.

This Confidentiality Order is the entire agreement between the Parties. It may not be amended in any manner whatsoever except by an agreement in writing, signed by counsel of record for each Party and adopted by Order of this Court.

IT IS SO ORDERED this _22nd day of January, 2007.

_____
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

A<small>LLTEL</small> C<small>OMMUNICATIONS</small>, I<small>NC</small>.                                                         PLAINTIFF

v.                         Case No. 4-06-CV-00909GH

F<small>RINDAR</small> M<small>EGASOFT</small> I<small>NTERNATIONAL</small>, I<small>NC</small>.                                       DEFENDANT

## **AGREEMENT**

I have been asked to serve as a _____ in this Action on behalf of _____, one of the parties in the above Action. I acknowledge that I have received and read the Confidentiality Stipulation and Protective Order ("Confidentiality Order") attached hereto. I agree to be bound by the terms of the Confidentiality Order.

I hereby submit to the jurisdiction of this Court solely for the purpose of enforcement of the Confidentiality Order in this Action.

[NAME]


By:_____

Dated this         day of             , 2007.

Subscribed and sworn to before me

this _____ day of _____, 2007.

Notary Public

_____

AGREED AND APPROVED FOR ENTRY:

QUATTLEBAUM, GROOMS,
  TULL & BURROW PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
(501) 379-1700

By:/s/  David A. Curran
        Steven W. Quattlebaum (84127)
        David A. Curran (2003031)

WINSTEAD SECHREST & MINICK P.C.
5400 Renaissance Tower
1201 Elm Street
Dallas, Texas  75270-2199
(214) 745-5400

By:/s/  Jeff Carruth (w/ permission)
        Jeff Carruth (24001846)